J-S03028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYNN PRESLEY | : | |
| | : | |
| Appellant | : | No. 2032 EDA 2021 |

Appeal from the PCRA Order Entered September 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1113641-1998

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYNN PRESLEY | : | |
| | : | |
| Appellant | : | No. 2033 EDA 2021 |

Appeal from the PCRA Order Entered September 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1113831-1998

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED SEPTEMBER 14, 2023**

Lynn Presley appeals from the orders entered in the Philadelphia County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] seeking relief from his violation of

---

[1] 42 Pa.C.S. §§ 9541-9545.

probation (VOP) sentence after entering guilty pleas at two dockets.[2] On appeal he alleges his sentence of 12 to 24 years' incarceration imposed after a violation of his probation was excessive and prior PCRA and appellate counsel was ineffective. Counsel for Appellant filed a letter brief and motion to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998). We affirm.

We glean the following underlying facts and procedural history from a prior decision of this Court:

> This matter arises out of Appellant's involvement in two separate criminal cases in Philadelphia County. At [Docket 3641], Appellant pleaded guilty to robbery, terroristic threats, simple assault, and contempt of court. At [Docket 3831], he pleaded guilty to theft by unlawful taking, simple assault, and contempt of court. On January 7, 2000, the [trial court] sentenced Appellant to an aggregate term of [11 and one half to 23 months'] incarceration followed by five years of reporting probation. Appellant was granted immediate parole.
>
> Due to technical violations of Appellant's probation requirements[, the VOP court] revoked his probation at a [VOP] hearing on March 30, 2001. [The VOP court] resentenced him to the same term of [11 and one half to 23 months'] incarceration followed by five years of reporting probation.
>
> Based on an undercover police investigation [from October through December of 2004], Appellant was charged in

_____

[2] On January 7, 2000, at Criminal Docket CP-51-CR-1113641-1998 (Docket 3641), Appellant plead guilty to one count each of theft, simple assault, and contempt of court. *See* 18 Pa.C.S. §§ 3921(a), 2701(a); 23 Pa.C.S. § 6114. That same day, Appellant plead guilty at Criminal Docket CP-51-CR-1113831-1998 (Docket 3831), to one count each of robbery, terroristic threats, simple assault, and contempt of court. *See* 18 Pa.C.S. §§ 3701, 2706(a).

Montgomery County on March 1, 2005, with multiple theft crimes[.] Six months later at a bench trial on September 13, 2005, [a Philadelphia trial court] found Appellant guilty of various [unrelated] drug charges and conspiracy[.] Due to Appellant's intervening criminal conduct, [the VOP court then] held a VOP hearing on November 16, 2005, where [it] heard testimony regarding the Montgomery County charges and the Philadelphia County drug offenses. Noting this was Appellant's second VOP hearing, [the VOP court] revoked Appellant's probation and sentenced him to an aggregate term of [12 to 24 years'] incarceration[.]

Appellant filed a timely post-sentence motion[. The VOP court] granted the motion and vacated [the 12 to 24 year] sentence. Following numerous continuances requested by Appellant in order to [ultimately unsuccessfully] negotiate a deal with the Montgomery County District Attorney, [the VOP court] conducted a hearing on December 6, 2006, to reconsider Appellant's revocation of probation sentence. At the reconsideration hearing, the Commonwealth explained that it would *nolle prose* Appellant's [Philadelphia] drug convictions "in favor of judicial economy" if [the VOP court] decided to re-impose the [12 to 24 year] sentence. After hearing argument from counsel and Appellant's statement, [the VOP court] re-imposed the . . . sentence of [12 to 24 years'] incarceration[.] On the same day, the Commonwealth *nolle prossed* Appellant's drug convictions. Appellant did not file post-sentence motions or a direct appeal.

[In August of 2007, Appellant filed a PCRA petition] seeking reinstatement of his post-sentence and direct appeal rights *nunc pro tunc* because counsel failed to file post-sentence motions or a direct appeal from the December 6, 2006[,] sentence. . . . The PCRA court [granted his petition and] reinstated [his] direct appeal rights *nunc pro tunc* on February 4, 2011.

***Commonwealth v. Presley***, 193 A.3d 436, 438-39 (Pa. Super. 2018)

(citation omitted).

In his direct appeal, Appellant argued his sentence was "harsh and excessive" and the VOP court did not consider the sentencing factors or explain its reasons for imposing the sentence. ***Commonwealth v. Presley***,

554 EDA 2011 (unpub. memo at 5) (Pa. Super. Apr. 23, 2012). The trial court[3] agreed the VOP court failed to provide an explanation for the sentence it imposed, and "respectfully recommend[ed] that [Appellant's] sentence be vacated and the matter remanded for imposition of a new sentence." *See Presley*, 193 A.3d at 440 (citation omitted). On April 23, 2012, another panel of this Court denied relief, reasoning that Appellant did not preserve this claim for review, but indicated its ruling was "without prejudice to his rights under the PCRA to allege trial counsel's ineffectiveness in failing to file a post-sentence motion." *Presley*, 554 EDA 2011 (unpub. memo. at 7-8). Appellant filed a petition for review with the Pennsylvania Supreme Court, which was denied on August 28, 2012. *See Commonwealth v. Presley*, 221 EAL 2012 (Pa. Aug. 28, 2012).

On December 17, 2012, Appellant filed a timely first PCRA petition, wherein he alleged VOP counsel was ineffective for failing to preserve his discretionary aspects of sentencing claim.[4] *See Presley*, 193 A.3d at 442. The PCRA court dismissed his petition and this Court affirmed the order, opining the VOP court did not abuse its discretion "[g]iven the facts and history of [the] case[,]" the court's "familiarity" with Appellant, and the "highly-

---

[3] A different trial judge presided over Appellant's direct appeal than his VOP proceedings.

[4] Appellant filed his December 2012 petition *pro se*. On January 15, 2015, Peter A. Levin, Esquire, was appointed to represent Appellant. *See* Appellant's Amended Petition Under Post-Conviction Relief Act, 7/21/16, at 5. Attorney Levin filed an amended petition on July 21, 2016.

- 4 -

deferential" standard of review. *Id.* at 447. Specifically, it noted the VOP court was "well aware of Appellant's character, circumstances, and potential for rehabilitation (or lack thereof)." *Id.* at 446, *citing* **Commonwealth v. Pasture**, 107 A.3d 21, 28 (Pa. 2014) ("When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant . . ."). Moreover, it concluded Appellant could not establish that counsel's failure to file the motion prejudiced him. *Id.* The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 29, 2019. **See Commonwealth v. Presley**, 366 EAL 2018 (Pa. Jan. 29, 2019).

Appellant filed the present PCRA petition, his second, on September 24, 2019, alleging VOP hearing counsel was ineffective and the VOP court imposed an excessive sentence. Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 9/24/19, at 3. On June 24, 2021, the PCRA court issued a notice of dismissal pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, but on July 2nd requested the court appoint him counsel. On September 24, 2021, the court dismissed the petition as untimely and granted the request for counsel.[5] On September 28th, Daniel Anthony Alvarez, Esquire (Counsel), entered his appearance and filed timely notices of appeal at each

_____

[5] The order dismissing Appellant's September 24, 2019, PCRA petition does not appear in the record. However, the criminal docket reflects the PCRA court filed such an order on September 24, 2021. **See** Criminal Docket No. CP-51-CR-1113641-1998, at 20; Criminal Docket CP-51-CR-1113831-1998, at 21.

docket the next day. On October 28, 2021, this Court *sua sponte* consolidated Appellant's appeals. Order, 10/28/21.

On November 8, 2021, Appellant complied with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), alleging appellate counsel was ineffective, his VOP sentence of 12 to 24 years' incarceration was excessive, and the VOP court failed to state its reasons for imposing the sentence on the record. ***See*** Appellant's Statement of Matters Complained of On Appeal, 11/8/21, at 1 (unpaginated). However, two days later — and one day after the filing deadline — Appellant filed a supplemental Rule 1925(b) statement raising an additional claim that his September 2019 petition was timely filed in light of the Pennsylvania Supreme Court decision ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). ***See*** Appellant's Amended/Supplemental Statement of Matters Complained of On Appeal, 11/10/21, at 2 (unpaginated).

On December 13, 2021, the PCRA court issued an opinion stating: (1) Appellant waived his argument regarding the timeliness of his petition when he raised it in an untimely Rule 1925(b) statement; and (2) his remaining ineffectiveness claim was previously litigated. PCRA Ct. Op.,12/13/21, at 6-7. Thereafter, Appellant filed an application in this Court to remand the matter to the PCRA court to address his arguments regarding ***Bradley***. ***See*** Appellant's Application for Remand to Seek From the Lower Court Permission to File An Amended/Supplemental Statement of Matters, *Nunc Pro Tunc*, In Light of the Recently Decided Pennsylvania Supreme Court Case,

*Commonwealth v. Aaron Bradley*, [ ] 12/15/21, at 2-5 (unpaginated). On January 7, 2022, this Court remanded the case and directed the PCRA court to address the applicability of *Bradley*. Order, 1/7/22. The PCRA court filed a supplemental opinion on May 26, 2022, and shortly thereafter, counsel filed a *Turner*/*Finley* petition to withdraw from representation. This matter now returns to us on appeal.

We surmise the following claims from Counsel's *Turner*/*Finley* letter brief:[6] (1) Appellant believes his 2006 sentence of 12 to 24 years' incarceration was excessive; (2) former PCRA counsel, Attorney Levin, was ineffective; and (3) Appellant's petition was timely filed under *Bradley* because it was "filed within one year of the denial of *allocator*" of his first PCRA petition. *See Turner*/*Finley* Letter Brief at 8-10.

Preliminarily, we address Counsel's motion to withdraw as counsel. An application to withdraw as counsel must comply with the *Turner*/*Finley* requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [*Turner* and *Finley*, and] must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to

---

[6] Counsel did not include a "Questions Presented" section in his letter brief.

withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted). If this Court determines counsel has satisfied these technical requirements, we "must then conduct [our] own review of the merits of the case. If [we] agree[ ] with counsel that the claims are without merit, [we] will permit counsel to withdraw and deny relief." *Id.* (citation omitted).

Here, Counsel has satisfied the above procedural requirements. In his letter brief, he discusses Appellant's potential claims, the relevant case law and supporting documents, and the reasons why the issue is "frivolous."[7] **Turner**/**Finley** Letter Brief at 1, 7-19. Counsel purports that Appellant's petition is "arguably" timely filed under **Bradley** since it challenges prior PCRA counsel's ineffective assistance and was submitted less than one year after the Pennsylvania Supreme Court denied review of his 2018 PCRA petition. **See Turner**/**Finley** Brief at 9. However, he explains Appellant is otherwise

---

[7] To withdraw from representation during PCRA proceedings, counsel must comply with **Turner**/**Finley** requirements, which dictate a finding that all purported claims are meritless. **See Doty**, 48 A.3d at 454. Alternatively, when petitioning to withdraw from direct appeal representation, counsel must determine an appellant has no non-frivolous claims. **See Anders v. California**, 386 U.S. 738, 744 (1967).

Here, Counsel has concluded Appellant's claims are "frivolous." **See Turner**/**Finley** Letter Brief at 1. Though counsel uses the language specific to an **Anders**' petition, his determination substantially complies with the requirements of **Turner**/**Finley**. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (stating **Anders** provides higher protections than **Turner**/**Finley**, and as such, complies with the **Turner**/**Finley** standard).

not entitled to relief because: (1) his discretionary aspects of sentencing claim was previously litigated in his prior PCRA petition; and (2) Appellant does not specify "how previous counsel [Attorney Levin] was ineffective and how such ineffectiveness caused . . . Appellant prejudice[.]" *Id.* at 10; *see also* *Presley*, 193 A.3d at 446-47. Counsel indicated in his motion to withdraw he served a copy of the motion and *Turner*/*Finley* letter brief on Appellant, and informed him that he may retain new counsel or proceed *pro se*. Motion to Withdraw as Counsel, 8/12/22, at 2; *Turner*/*Finley* Letter Brief at 2, Ex. A. Thus, he has complied with the requirements of *Turner*/*Finley*. *See Doty*, 48 A.3d at 454. Appellant has not filed a response to counsel's motion to withdraw or letter brief. Accordingly, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-84 (Pa. 2016) (citation & quotation marks omitted). Here, the PCRA court determined Appellant's second petition was untimely filed and *Bradley* is not applicable.[8] PCRA Ct. Supp. Op., 5/26/22, at 6-7. We agree.

_____

[8] It appears the PCRA court has misconstrued Appellant's argument as to which prior counsel he claims was ineffective. *See* PCRA Ct. Supp. Op. at 6-7 (stating Appellant raises an ineffectiveness claim against trial/VOP counsel). Appellant's PCRA petition and present Counsel's *Turner*/*Finley* letter brief each raise an ineffectiveness claim against Appellant's prior PCRA counsel Attorney Levin. *See* Appellant's *Pro Se* Motion for Post Conviction Collateral
*(Footnote Continued Next Page)*

- 9 -

The statutory requirement that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. **_Commonwealth v. Whiteman_**, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted); **_see also_** 42 Pa.C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence was final on November 26, 2012 — 90 days after the Pennsylvania Supreme Court denied his petition for _allocatur_, and the time for filing a writ of _certiorari_ with the United States Supreme Court expired. **_See_** U.S. Sup. Ct. R. 13. Therefore, he had until November 26, 2013, to file a timely PCRA petition, which he did on December 17, 2012. However, the present petition — Appellant's second — was filed on September 24, 2019, almost 6 years after the filing deadline, and is, therefore, facially untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

---

Relief, 9/24/19, at 4 (asking the PCRA court to "acknowledge that [his] counsel [Attorney] Levin was indeed ineffective. . . ); **_Turner_**/**_Finley_** Letter Brief at 10 (noting Appellant raised his claim against Attorney Levin). This does not impact our review as we may affirm on any basis. **_See Commonwealth v. Diaz_**, 183 A.3d 417, 421 (Pa. Super. 2018) ("[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it.").

- 10 -

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of the timeliness exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "It is the petitioner's burden to **allege and prove** that one of the timeliness exceptions applies." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) (emphasis added).

Neither Appellant nor Counsel allege any of the above timeliness exceptions. Instead, in his ***Turner/Finley*** letter brief, Counsel argues Appellant's petition is timely filed under ***Bradley***. ***Turner/Finley*** Letter Brief at 8-9. Specifically, he asserts ***Bradley*** permits an appellant to file a timely petition raising prior PCRA counsel's ineffectiveness "within one year of the denial of *allocatur*[.]" ***See id.*** We conclude however, that ***Bradley*** is inapplicable to Appellant's petition.

- 11 -

In ***Bradley***, the Pennsylvania Supreme Court permitted review to "consider whether the current process for the enforcement of the right to effective counsel in a first PCRA proceeding is adequate, and if not, whether another process is appropriate." ***Bradley***, 261 A.3d at 386. At that time, a petitioner was required to raise claims of PCRA counsel's ineffectiveness in a response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss the petition. ***See id.*** The failure to do so would result in waiver of the claims. ***Id.***

Recognizing the impracticability of that procedure, the ***Bradley*** Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, 261 A.3d at 401 (footnote omitted). However, the Court further opined:

> [W]e deem the consideration on collateral appeal of claims of PCRA counsel ineffectiveness to spring from the original petition itself, and that doing so does not amount to impermissibly allowing a "second or subsequent" serial petition — the concern of our Court in [***Commonwealth v.***] ***Lawson***[, 549 A.2d 107 (Pa. 1988)] and the General Assembly in its 1988 amendments to the PCRA. ***Lawson***, 549 A.2d at 108; 42 Pa.C.S. § 9545(b)(1). Accordingly, we reject the notion that considering ineffectiveness claims on collateral appeal constitutes a prohibited serial petition, violating the PCRA's one-year time bar.[18]
>
> > [18] We decline to adopt the approach . . . that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). We

- 12 -

> have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar.

*Id.* at 404 & n.18. *See also id.* at 406 (Dougherty, J., Concurring) ("Importantly, our decision today **does not create an exception to the PCRA's jurisdictional time-bar**, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his first opportunity to do so[.]") (quotation marks omitted & emphasis added).

The *Bradley* Court came to the above conclusions based on a PCRA petitioner's right to the appointment of counsel for a first petition, as well as the right that counsel provide effective assistance. *See Bradley*, 261 A.3d at 391. Our Court has concluded in prior unpublished decisions that *Bradley* does not permit petitioners to file subsequent PCRA petitions in order to challenge prior PCRA counsel's ineffective assistance.[9] *See Commonwealth v. Dixon*, 1145 EDA 2022, 2022 WL 17973240 at *3 (Pa. Super. Dec. 28, 2022) (concluding "*Bradley* does not trigger the [newly recognized constitutional right] timeliness exception [because it] is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief[, and not] a decision by the Pennsylvania Supreme Court which

_____

[9] We may cite unpublished non-precedential memorandum decisions of this Court filed after May 1, 2019, for their persuasive value. *See* Pa.R.A.P. 126(b)(1)-(2).

recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA."); ***Commonwealth v. Parkinson***, 1286 EDA 2022, 2022 WL 5237927 at *3 (Pa. Super. 2022) (holding "***Bradley*** did not create a new, non-statutory exception to the PCRA time bar"). Because here, Appellant challenges prior counsel's ineffectiveness in a second PCRA petition, ***Bradley*** does not apply. ***See Bradley***, 261 A.3d at 404 & n.18. Accordingly, Appellant's claim that his petition is timely filed under ***Bradley*** is meritless and no relief is due. ***See id.***; ***Whiteman***, 204 A.3d at 450; ***see also*** 42 Pa.C.S. § 9545(b)(1).

Moreover, even if Appellant's petition was timely filed, he would not be entitled to relief. He first raises a claim pertaining to the discretionary aspects of his sentence. We note that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007). Furthermore, this claim has been previously litigated and as such, is ineligible for PCRA review. ***See*** 42 Pa.C.S. § 9543(a)(3) (providing that a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated); ***see also Commonwealth v. Spotz***, 18 A.3d 244, 281 (Pa. 2011) (previously litigated claims are not cognizable under the PCRA).

Next, Appellant alleges Attorney Levin was ineffective when representing Appellant in his first PCRA proceedings and subsequent appeal. As present PCRA counsel points out in his ***Turner***/***Finley*** letter brief, Appellant does not allege **how** Attorney Levin was ineffective or how this purported

- 14 -

ineffectiveness prejudiced him. *See Turner*/*Finley* Letter Brief at 10. *See also Commonwealth v. Bishop*, 266 A.3d 56, 62 (Pa. Super. 2021) (to prevail on a claim of ineffective assistance, a petitioner must prove: (1) the claim has arguable merit; (2) counsel had no reasonable basis for their conduct; and (3) the petitioner was prejudiced). Thus, Appellant has not established that Attorney Levin was ineffective, and no relief is due. *See id.*

Because we agree with the PCRA court's determination that Appellant's petition was untimely filed, and he has failed to plead and prove the applicability of any of the PCRA's timeliness exceptions, we affirm the order dismissing his serial petition.

Petition to withdraw granted and order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/14/2023*

- 15 -